Williams, J.
 

 The controlling questions arise from the giving of plaintiff’s special request No. 4 which was founded on Section 6310-17, General Code (115 Ohio Laws, 231), as in force at the time in question, without explanation of the statute by the court at any time, and from refusing to give defendant’s request (submitted after the general charge) on unavoidable accident.
 

 Plaintiff’s special request No. 4 reads: “Ohio General Code, Section 6310-17, provides as follows: ‘Vehicles shall keep to the right side of the center or center line of the road or highway * # V And I charge you that a driver of a motor vehicle who violates this statute is guilty of negligence as a matter of law.”
 

 Likewise in the general charge the court gave to the jury substantially the same instructions; but neither in any other given request nor in the charge was there any explanation of what would or would not constitute a violation of the statute.
 

 
 *146
 
 It is a fundamental principle that a charge of the court should be in the concrete rather than in the abstract. When the element of concreteness is markedly absent, the charge, as sometimes said, “lacks color.” Abstractness does not necessarily vitiate a charge to the jury and most charges contain a modicum of abstract matter. If the court properly defines the issues and states the law with reference thereto in such form that the jury should understand the application thereof to' the evidence, the charge is not vitiated by abstractness. Special instructions' likewise must contain language which shows the application of a definite and pertinent legal principle to evidence in the cause on trial. It is necessary, then, to consider the legal effect of plaintiff’s special request No. 4, and, incidentally, the court’s charge on the same subject-matter for the purpose of determining whether the want of explanation imparts to the instruction and charge such abstractness as to make them prejudicially erroneous.
 

 Plaintiff’s evidence tended to show that defendant’s driver, Yargo, after he left the draw and as he approached the decedent, drove in the ruts on the center plates and astride the center line of the bridge at a speed of 30 miles an hour (44 feet per second); and that in the driver’s attempt to extricate the vehicle from the ruts the truck went to the right side of the bridge for a distance, “rode on the ice for a while,” and then swerved to the left across the bridge roadway, killing the decedent. It is thus apparent that the court properly charged that the violation of Section 6310-17, General Code (as then in force), would constitute negligence “as a matter of law,” that is, negligence
 
 per se,
 
 for according to Baz’s testimony it was inferable that the swerving was directly due to the fact that he (Vargo) was on the wrong side of the roadway and was endeavoring while going at an unwarranted rate of speed on a slippery way to get back to the right side. On the other hand, defendant’s evi
 
 *147
 
 dence tended to show that Yargo was driving to the right of the center of the roadway and that 20 feet from decedent the truck, without fault of the driver, suddenly skidded across the bridge and hit decedent. In the absence of an explanation as to the meaning and application of Section 6310-17, General Code, the jury might well infer that failing to keep to the right of the road’s center would be violative of the statute and negligence
 
 per se
 
 regardless of the reason for the skidding. By this turn of affairs the defendant was in the predicament that it might be found guilty of negligence
 
 per 'se
 
 by violating the statute even though the skidding of the truck to the left of the center was beyond the power of the truck driver to prevent. A safety statute does not require the driver of a motor vehicle to do the impossible.
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 427. If, as defendant claims, it was impossible for the driver, traveling on the right of the roadway, to keep the truck from going to the left side, there would be no violation of Section 6310-17.
 

 The trial court committed reversible error in giving plaintiff’s special request No. 4, without any explanation whatsoever of its application to the evidence.
 

 There is the further question as to whether the trial court committed prejudicial error in refusing to give defendant’s request made after argument. This request reads: “If you find from the evidence that the death of Leroy H. Kohn was the direct and proximate result of an unavoidable accident, you will return your verdict in favor of the defendant.”
 

 The essentials of unavoidable accident have been stated in a recent pronouncement of this court: “Unavoidable accident occurs only when the disaster happens from natural causes, without negligence or fault on either side.” Paragraph 2 of the syllabus in the
 
 *148
 
 case of
 
 Uncapher
 
 v.
 
 B. & O. Rd. Co.,
 
 127 Ohio St., 351, 188 N. E., 553.
 

 The amended petition herein alleges not only negligence
 
 per se
 
 but also negligence in the sense of want of ordinary care. Evidence was offered to sustain these and other essential allegations in plaintiff’s pleading and the court gave to the jury a charge that was full, accurate and not misleading on want of ordinary care, proximate cause and other elements, except negligence
 
 per se,
 
 as stated, but failed to define or charge specifically on unavoidable accident which was relied on by the defendant as a defense. This failure so to charge was merely an omission by the court insofar as the law governing want of ordinary care and proximate cause was concerned. The charge in this latter respect was therefore not prejudicially erroneous.
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613.
 

 Unavoidable accident is not an affirmative defense but merely negatives negligence; consequently proof of such defensive matter may be given under a general denial.
 
 Stedman Fruit Co.
 
 v.
 
 Smith
 
 (Tex. Civ. App.), 45 S. W. (2d), 804;
 
 El Paso Electric Co.
 
 v.
 
 Hedrick
 
 (Tex. Civ. App.), 39 S. W. (2d), 128. However, an omission in the charge such as that referred to can only be taken advantage of by a specific request. See paragraph 2 of the syllabus in the case of
 
 Northwestern Ohio Natural Gas Co.
 
 v.
 
 First Congregational Church of Toledo,
 
 126 Ohio St., 140, 184 N. E., 512, and 1 Reid’s Branson Instruction to Juries (3 Ed.), 416, Section 152, and cases cited.
 

 This survey of the applicable principles discloses that if defendant’s request was correct in form and substance, the trial court was required to give it; and, if incorrect, the court was not required to give it.
 

 If an accident took place, which was the result of natural causes without the fault or negligence of either party, then it is plain that there could not be want of
 
 *149
 
 ordinary care on defendant’s part and plaintiff has not sustained the burden of proof with respect thereto. Since neither in a request nor in the general charge was unavoidable accident defined, the jury might reasonably have inferred from the instruction requested by defendant, if given, that plaintiff could not recover, even though the accident was unavoidable because of conditions created by the fault or negligence of either or both parties. The defendant’s request, which made no distinction between negligence
 
 per se
 
 and negligence consisting of want of ordinary care, was therefore misleading in failing to state the essential elements of unavoidable accident and was properly refused.
 
 Leland
 
 v.
 
 Empire Engineering Co.,
 
 135 Md., 208, 217, 108 A., 570, 574.
 

 A query has arisen as to whether the court was not required
 
 sua sponte
 
 to correct the request or to prepare a correct statement of the law on unavoidable accident and submit the corrected request or the statement as the case might be to the jury.
 

 However, it is not necessary to enter upon this inquiry. The cause must be retried and the trial court will then have an opportunity to explain the statute, to instruct on the effect of the impossibility to comply with the provisions thereof and to cover fully the kindred subject of unavoidable accident.
 

 Defendant’s counsel has urged other assignments of error but none of them is of controlling importance.
 

 For the prejudicial error in giving plaintiff’s special request No. 4 without explanation at any time, the judgments of the courts below are reversed and the cause remanded to the Court of Common Pleas for a new trial.
 

 Judgment reversed and cause remanded.
 

 Turner, Matthias, Hart and Zimmerman, JJ., concur.
 

 Weygandt, C. J., and Bettman, J., dissent.