HUMPHRIES v. COMPLETE AUTO TRANSIT, INC.

1. AUTOMOBILES—TRUCKS—DUTY OF DRIVER.
    It is the duty of truck drivers to drive their vehicles at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and other conditions then existing.

2. SAME—RIGHT SIDE OF ROAD—SKIDDING—NEGLIGENCE.
    Failure of driver of motor vehicle to keep on the right side of the road as required by statute may be excused when, through no fault of his own, his car skids across road on slippery pavement, but if skidding is result of his own negligence he is not absolved from consequences thereof (1 Comp. Laws 1929, § 4703, as amended by Act No. 318, Pub. Acts 1939).

3. SAME—TRUCKS—SKIDDING—NEGLIGENCE—QUESTION FOR JURY.

Whether or not truck driver was negligent in permitting his northbound 40-foot tractor and trailer combination to skid across icy pavement on slight decline of 4-lane pavement so as to strike car in which plaintiffs were riding in extreme westerly lane was a question for jury where it appears he knew of the decline but did nothing to retard his speed of from 25 to 40 miles an hour and although he could have seen an automobile 700 feet distant did not see plaintiff's car before impact which occurred at 11 p.m. in mid March (1 Comp. Laws 1929, § 4703, as amended by Act No. 318, Pub. Acts 1939).

4. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—OBJECTIONS.

Unless an objection clearly advises the trial court of the specific ground upon which it is made, it will not justify a reversal.

5. AUTOMOBILES—SPEED—EVIDENCE.

The competency of testimony as to speed of automobiles is not determined by specific distance or time, but by causal connection or contact with the accident.

6. EVIDENCE—SPEED OF ONCOMING AUTOMOBILES.

In action arising out of collision between passenger car and combination tractor and trailer which had approached from opposite direction on 4-lane highway, passenger in plaintiff's car who claimed he saw defendant's tractor and trailer when about 200 feet away and estimated its speed was between 35 and 40 miles an hour was properly permitted to testify as to speed of oncoming vehicle.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 12, 1943. (Docket No. 109, Calendar No. 42,273.) Decided April 6, 1943.

Separate actions of case by Alice G. Humphries and Clarence I. Humphries against Complete Auto Transit, Inc., a Michigan corporation, and another for damages arising out of an automobile accident. Cases consolidated for trial and appeal. Verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*G. Edson Hallock* and *Pelton & McGee,* for plaintiffs.

*Mason, Davidson & Mansfield,* for defendants.

Sharpe, J.  Plaintiffs in their consolidated case had verdict and judgment in separate actions for damages sustained in an automobile collision which occurred at about the hour of 11 p.m., on March 19, 1941.

The principal facts are not in dispute.  Plaintiff Alice Humphries was driving an automobile belonging to her husband, Clarence Humphries, in a southerly direction on Telegraph road, a four-lane highway outside of the city limits of Pontiac.  She was driving in the extreme westerly lane of the highway at a speed of approximately 20 miles per hour.  The pavement was icy and slippery.

The vehicle owned by defendant company was a combination tractor and trailer, the overall length of which was from 38 to 40 feet.  On the day in question, defendant driver had delivered automobiles in Detroit and was returning to Flint.  He was proceeding in a northerly direction in the easterly lane of Telegraph road.  When he reached a point from 150 to 200 feet from the place where the accident occurred, the tractor and trailer began to skid.  It struck plaintiffs' vehicle which was traveling in the westerly lane of the highway.  At the point above mentioned, there is a difference in level between the easterly slab of the pavement and the adjoining slab.  The easterly slab was approximately two inches lower than the adjoining slab.  It also appears that from a point 1,000 to 1,200 feet south of where the collision occurred to the point of collision there was a decline of six feet.  When the truck and trailer began to skid, defendant driver

did not decrease the speed of the equipment nor did he apply the brakes.

At the close of plaintiffs' proofs and at the close of all testimony, defendants made a motion for a directed verdict upon the theory that there was no proof of any negligence on the part of defendant driver that was the proximate cause of the accident. The motion was denied and the causes submitted to the jury which returned a verdict of $6,500 for Alice Humphries and $5,000 for Clarence Humphries. Judgments were entered upon the verdicts; and defendants appeal.

It is conceded that plaintiffs were not guilty of contributory negligence; nor is there any issue as to the verdicts being against the weight of the evidence. The paramount question for our consideration is whether there is competent evidence sufficient to establish actionable negligence of defendants.

It was the duty of defendant driver to drive the vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and other conditions then existing.

In *Leonard* v. *Hey,* 269 Mich. 491, we said:

"It is fundamental law that the driver of a car must keep on the right side of a street or highway, but failure to keep to the right when, through no fault of the driver, an automobile skids on a slippery pavement and is thus thrown across the road, has been held to excuse failure to comply with the statute,† * * * but if such skidding results from the negligent acts or commissions of a driver, he is not absolved from the consequences of breach of the rule although it is not deliberate or intentional."

---

† See 1 Comp. Laws 1929, § 4703, as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4703, Stat. Ann. 1942 Cum. Supp. § 9.1571).—REPORTER.

In the case at bar there was testimony that defendant driver had driven over this highway on numerous occasions and under all kinds of weather conditions. On the day of the accident, the pavement was generally icy. Defendant driver could see an object the size of an automobile at a distance of 700 feet, yet he did not see plaintiffs' car before the impact. He was traveling at a speed of from 25 to 40 miles per hour. He knew of the decline in the pavement, but did nothing to retard his speed. Considering all of the circumstances, we are of the opinion that reasonable minds might differ as to whether defendant driver was negligent. The question, therefore, was one of fact for the jury.

At the time of the collision, Ralph L. Humphries was a passenger in plaintiffs' car. He first saw defendant company's tractor and trailer when it was about 200 feet away. When this witness was testifying, the following occurred:

"*Q.* What rate of speed would you say it was coming?

"*Mr. Davidson:* That is objected to, your honor. I don't think the witness can testify to the speed of a vehicle approaching.  *  *  *

"*The Court:* If he made an estimate, he can answer.

"*A.* I would estimate between 35 and 40 miles per hour."

In *Detzur* v. *B. Stroh Brewing Co.,* 119 Mich. 282, 287 (44 L. R. A. 500, 5 Am. Neg. Rep. 371), we said:

"If anything is settled by our decisions, it is that, unless an objection clearly advises the trial court of the specific ground upon which it is made, it will not justify a reversal."

See, also, *Renders* v. *Railroad Co.,* 144 Mich. 387.

In *Bryant* v. *Brown,* 278 Mich. 686, we held that the competency of testimony as to speed of automobiles is not determined by specific distance or time, but by causal connection or contact with the accident. We cannot say that the observation of the witness and his opportunity to judge were so limited that the jury should not have had the benefit of his estimate of speed.

The judgments are affirmed, with costs to plaintiffs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.