*452
 
 Hart, J.
 

 The defendant Morgan, Jr., cláims that the trial court erred in determining he was guilty of negligence as a matter of law and in assuming that the court had authority to make such determination.
 

 In directing a verdict for the plaintiff, the trial court must assume that all the facts claimed by way of defense and supported by evidence are true, and must also find that they do not constitute a valid defense to the case made by the plaintiff. The court may direct a verdict for the plaintiff only when there is no evidence upon which to found a verdict for the defendant.
 
 Heinsen
 
 v.
 
 Lamb,
 
 117 Ill., 549, 7 N. E., 75.
 

 The record discloses that the testimony of the defendant is to the effect that he was confronted with a sudden emergency after he had the “go” signal and had passed the intersection of Euclid avenue and May-field road, by reason of the sudden appearance of the taxicab in his traffic lane immediately ahead of him; and that in attempting to avoid a collision with the taxicab, he turned slightly to the left when the application of his brakes caused his car to skid on the ice, suddenly and unexpectedly to the left over the center line of Euclid avenue and into the car of the plaintiff. He further testified that when the taxicab came to a stop it was about 30 feet in front of his car.
 

 Another eye witness testified that the taxicab operator apparently had elected to turn to the left from the cab station located on the north side of Euclid avenue, and apparently blocked defendant’s car off so that he attempted to turn to the left with the taxicab to avoid colliding with it. This witness does not attribute the deflection of defendant’s car to the south side of- Euclid avenue to a skid on the ice but to the fact that the taxicab blocked the way, and that “apparently, in order to get around in front of the cab, the car [of defendant] was forced to go on the east-bound side of Euclid avenue.”
 

 
 *453
 
 The defendant is also entitled to have considered the facts stated in plaintiff’s petition and the inferences to be drawn therefrom, insofar as they support his position as a defendant. The petition alleges that “the defendant, Yellow Cab Company, by and through its driver and agent, was carelessly and negligently operating-one of its taxicabs from its stand on the northerly side of Euclid avenue approximately opposite the easterly line extended of Cornell road,- southerly across Euclid avenue, in front of west bound traffic
 
 and in the path of the defendant, Charles A. Morgan, Jr.,
 
 as hereinafter described, and to and toward the path' of the plaintiff’s automobile on the southerly side of Euclid avenue.” (Italics ours.)
 

 The petition further alleges that “the defendant, Yellow Cab Company, was guilty of negligence in the following particulars, to wit:
 

 “First. That its driver failed and neglected to ascertain that he could make said turn without interfering with other traffic.”
 

 There is, therefore, in this record, probative testimony and admissions that the defendant was confronted with an emergency not of his own making. And, while an emergency does not excuse one from the exercise of due care, it must be due care in the light of the exigencies of the newly created emergency. Whether due care is used under such circumstances is, under our system of jurisprudence, a question to be deter-mind by a jury.
 

 The fact that the car of the defendant came into collision with that of the plaintiff because defendant’s car skidded on the ice, does not necessarily prove negligence on the part of the defendant.
 
 Kohn, Admx., v. B. F. Goodrich Co.,
 
 139 Ohio St., 141, 38 N. E. (2d), 592. The petition in this case charges the defendant Morgan, Jr., among other things, with the violation of Section 2436 of the Ordinances of the city of Cleve
 
 *454
 
 land in that he drove his car
 
 “to
 
 the left side of the center line of a street or highway when meeting an approaching vehicle * * *.” In defense of such a charge, an operator of a motor vehicle who has failed to comply with such an ordinance or statute may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the ordinance or statute was rendered impossible.
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 427. Whether the defendant in this case established an excuse for operating his automobile on the wrong side of the street at the instant of the collision was, in the opinion of the court, a question for the jury.
 

 The petition of the plaintiff charged that the joint or concurrent negligence of the defendant Morgan, Jr., and the Yellow Cab. Company brought about the collision and damage to the plaintiff. The evidence shows that but for the presence of the taxicab in the center of Euclid avenue across the line of traffic, the collision might not have happened. This presents a question of proximate cause which should have been submitted to the jury.
 

 “Where the evidence adduced gives rise to conflicting inferences as to whether the negligence of the defendent tort-feasor was the proximate cause of injury and damage to the plaintiff, a question of fact is presented-for the determination of the jury under instructions of the court.”
 
 Matz, Admr.,
 
 v.
 
 J. L. Curtis Cartage Co.,
 
 132 Ohio St., 271, 273, 7 N. E. (2d), 220.
 

 Some point is made that the defendant waived his right to have his case go to the jury by renewing his motion for a directed verdict at the close of all the testimony, followed by the motion on the part of the plaintiff for a directed verdict in his favor. This claim is predicated on the rule that “Where, at the
 
 *455
 
 conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence.”
 
 First National Bank
 
 v.
 
 Hayes & Sons,
 
 64 Ohio St., 100, 59 N. E., 893;
 
 Perkins
 
 v.
 
 Board of County Commissioners,
 
 88 Ohio St., 495, 103 N. E., 377;
 
 Nead
 
 v.
 
 Hershman,
 
 103 Ohio St., 12, 132 N. E., 19, 18 A. L. R., 1419.
 

 It will be noted that in the case at bar the motions of defendant and plaintiff were at no time concurrently pending. Before plaintiff’s motion was made, defendant’s motion had been overruled and disposed of. Consequently, the rule in question has no application. The trial court is not clothed with the functions of a jury as to questions of fact notwithstanding both parties have moved for directed verdicts, where the motion of the plaintiff is not made until after the court has overruled the motion made by the defendant.
 

 For the reasons herein stated, the judgment of the Court of Appeals is reversed and the ease is remanded to the Common Pleas Court for a new trial.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.