KACZMAREK, APPELLANT, *v.* MURPHY, APPELLEE.

(No. 3807—Decided November 13, 1946.)

*Mr. Clarence A. Irwin,* for appellant.

*Messrs. Buckingham, Doolittle & Burroughs,* for appellee.

DOYLE, J. Kaczmarek, a soldier on leave from the army of the United States, was injured while riding as a passenger in an automobile driven by his hostess. He brought this action against the driver of another automobile, which, while proceeding in the opposite direction on a public highway, skidded into the car in which the complainant was riding and caused the vehicular collision which resulted in the injury.

Before the case came on for trial, the defendant died, from causes other than the accident in question, and the administrator of his estate was substituted as defendant.

For convenience, reference shall be made herein to the parties as plaintiff and defendant.

The facts, as a jury could have found them, are these:

A family group, riding in two automobiles, was proceeding southerly on Home avenue in the city of Akron. The litigant Kaczmarek was a passenger in the second car, which followed the first car at about four car lengths distance. The street was covered with ice and was slippery. The progress of the cars brought them to a decline in the highway. There was here observed a car driven by the defendant, Dr. Murphy, proceeding in the opposite direction on the highway, and "coming around the bend of the hill going north." The back wheels of this car were spinning on the ice, and the car was skidding as it progressed up the hill. When it neared the two approaching vehicles, a part of this vehicle went off of the pavement, on its right side and onto the berm or shoulder of the highway. The driver thereupon attempted to bring his car back on the paved portion of the highway, and, while skidding, the car "lunged" several times in the direction of the first car, which was turned onto the extreme right of the road by the driver thereof to avoid collision. The defendant's car continued to skid, and as it proceeded while skidding back onto the pavement, it continued onto the opposite or "wrong" side of the highway and into collision with the second car, which, as a result thereof, was knocked off of the roadway and into a telephone pole. As stated before, the plaintiff was a passenger in this car and was injured as a result of the mishap.

It seems proper to conclude this recitation of facts by quoting the testimony of one of the several eyewitnesses: "I observed Dr. Murphy's car coming up the hill skidding, his back wheels spinning around. I observed him turn the car, the wheel. It skidded over to the right-hand side of the road, skidded off the pavement. Then I observed him wrench the wheel and pull,

try to pull it on to the pavement and skid into the car behind us.''

The trial court, at the close of all of the evidence, upon motion duly made by the defendant, arrested the testimony from the jury and entered judgment for the defendant. Following the overruling of a motion for a new trial, the case was appealed to this court on questions of law for a consideration of the errors assigned. The present opinion is directed toward the only one of importance, which is in the following form: ''[Error in] arresting the evidence from the jury without submission of the cause to them and rendering judgment for the defendant.''

■ A trial court in directing a verdict in favor of a defendant, or in arresting the testimony from the consideration of the jury and rendering judgment for a defendant because of the insufficiency of the evidence to establish a cause of action, must assume the truth of the evidence supporting the facts essential to the claim of the plaintiff, as well as the establishment of all the facts which the evidence proves or tends to prove or support, and of all reasonable inferences which a jury might draw therefrom. And after such assumption, having given the evidence a construction ''most strongly'' in favor of the plaintiff, if the court can say that, on any essential issue, reasonable minds can come to but one conclusion and that conclusion adverse to the plaintiff, the court should enter a judgment for the defendant. But where, from the evidence, reasonable minds may reach different conclusions upon any controlling question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the ground that it is manifestly against the weight of the evidence, because this question is not then before the court. *Painesville U. T. Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683;

*Hamden Lodge* v. *Ohio Fuel Gas Co.,* 127 Ohio St., 469, 189 N. E., 246; *Wilkeson, Admr.,* v. *Erskine & Son, Inc.,* 145 Ohio St., 218, 61 N. E. (2d), 201.

It may be assumed that the trial judge had before him the above rules. In applying them, he made this observation prior to the entry of the final judgment:

"The Court: I want this to be in the record, that the burden is upon you, the plaintiff, to produce evidence of negligence, and it is the opinion of the court that you have failed entirely to show negligence. It could not be inferred from the fact that the car skidded and that is all the evidence we have."

Does the evidence sustain the court's ruling, and does it condemn the injured plaintiff to bear his loss without requital at the hands of the court alone?

■ The mere skidding of an automobile on an icy street does not necessarily prove negligence of the driver of the car. See *Kohn, Admx.,* v. *B. F. Goodrich Co.,* 139 Ohio St., 141, 38 N. E. (2d), 592; *Satterthwaite* v. *Morgan, Jr.,* 141 Ohio St., 447, at p. 453, 48 N. E. (2d), 653.

Skidding, however, may so occur in connection with acts or omissions of the operator as to warrant a finding of negligence in the operation of a car. And if there is evidence showing or tending to show that an automobile skidded into a collision with another car, lawfully operated on a highway, because of a lack of ordinary care of the driver of the skidding car in the operation thereof, such circumstances make a case for the jury. For, while proof that the car skidded is not necessarily proof of its negligent operation, proof of circumstances which so connect the skidding with such operation that reasonable minds could reach different conclusions as to whether the car was operated properly, makes a case for a jury. If the negligent operation of an automobile caused a car to

skid, and damage to others from such skidding results, such negligence, if established, has the same consequences as to liability as negligence of any other character.

In this case it appears that the slippery condition of the highway, the grade of the hill on a curve, the attempt while skidding to drive from a position partly on the berm back onto the improved portion of the highway against the approach of oncoming cars, are circumstances for the consideration of a jury, in determining whether the skidding into a collision was unavoidable or whether it was due to a lack of ordinary care in the operation of the car. See *Dowd-Feder Co.* v. *Schreyer,* 124 Ohio St., 504, 179 N. E., 411; 5 American Jurisprudence, Automobiles, Section 273 *et seq.,* and cases cited; 58 A. L. R., 264 *et seq.,* annotation; 113 A. L. R., 1005 *et seq.,* annotation; 151 A. L. R., 888 *et seq.,* annotation.

■ In further support of our conclusion that the evidence justifies the submission of this case for the consideration of a jury, attention is directed to the testimony of several witnesses who stated that the defendant made declarations that the accident was his "fault."

The driver of the car in which the plaintiff was riding testified that immediately after the crash the defendant said to her: "Oh, I am so sorry, little girl. I am so sorry. Are you hurt? It is all my fault." Other witnesses testified that the defendant said at the scene of the accident "that he had lost control of his car, he was at fault."

While there is no fixed rule that in civil cases generally an opponent's extrajudicial admission is sufficient, without other evidence, to lay the foundation for a recovery, and while a voluntary offer of assistance or expression of regret, made upon an impulse of be-

nevolence or sympathy, may not necessarily be considered an admission of culpable causation, if the surrounding circumstances indicate, not merely an act of benevolence, but an admission of fault and responsibility for the accident, made by an alleged tort-feasor, who was characterizing his own conduct, the evidence has strong probative value, and its admissibility as evidence cannot be questioned. And it is especially substantial evidence when coupled with the circumstances depicted herein.

Examination has been made of the original record in *Freas* v. *Sullivan*, 130 Ohio St., 486, 200 N. E., 639, and it is there shown that the hereinafter-quoted syllabus in the case was actuated by the admission in evidence of the following testimony of a Mr. Figg, who had no connection with the accident: "Well, he [the defendant] said he had an accident and he felt as though he would be responsible for it, it was his fault."

"8. Admissions of an alleged tort-feasor, made two weeks after a collision, relative to his individual responsibility in causing such collision, are competent against such tort-feasor."

From the facts heretofore related, describing the events of the accident, coupled with the admission of the defendant of a lack of due care (*Eldridge* v. *Barton*, 232 Mass., 183, 122 N. E., 272), the members of this court determine that the trial court committed prejudicial error in withdrawing the case from the consideration of the jury and rendering judgment for the defendant.

*Judgment reversed and cause remanded.*

Washburn, P. J., and Stevens, J., concur.