GALE E. HILL *v.* BARDIS FRUIT CO.

15

*William H. Watson* and *William H. Watson, Jr.* (*Mr. William H. Watson* orally), for the plaintiff.

*Ernest L. Bell, Jr., Philip H. Faulkner* and *James S. Davis* (*Mr. Bell* orally), for the defendant.

LAMPRON, J. The plaintiff was not guilty of contributory negligence as a matter of law. It cannot be said to conclusively appear that the plaintiff failed to use any care with reference to his position, or to give any attention or thought to his safety (*Holt* v. *Grimard*, 94 N. H. 255, 257), or that he knew that his conduct in that respect was ineffective. (*Rowe* v. *Railroad*, 95 N. H. 371). The accident happened within about three minutes of the time the plaintiff and Hall arrived at the scene. During that time the plaintiff got out of his truck, walked over beside the Hall car and while standing there looked down the road (east), and up the other way (west). He went back to his truck and got the chain, and after handing it to Hall he glanced down the road, then looked the other way, and stood looking up there for what seemed ten seconds. Then he turned, spoke to Hall, and the accident happened. The plaintiff did not see the defendant's truck before the accident. When he was struck, he was standing on the outside of the Hall car a little bit and right up near the tailboard of his truck, more or less facing Hall who was reaching for the end of the chain which was in the snow pilings on the north side of the road a little bit outside of the right side of the two vehicles. On those facts it may be found that the plaintiff exercised some care and the question whether it was due care is for the jury. *Adams* v. *Sever-*

*ance*, 93 N. H. 289, 292; *Dennis* v. *Railroad*, 94 N. H. 164, 165; *Nichols* v. *Williams*, 127 Conn. 337.

The jury could find the operator of defendant's truck guilty of negligence which caused or contributed to cause the accident. Fries testified that at the time it was very foggy, it was misting and there was ice under snow and slush and water on the road. He was driving a 1945 Reo truck. There were no chains on his wheels. The combined weight of the truck and the load was between nine and ten tons. He had his truck in fifth speed and was going about 25 miles per hour when he saw a car (which later proved to be the Hall car) ahead of him. As soon as he saw this car, which at that time, was 160 feet ahead of him, he took his foot off the accelerator. After travelling 30 to 40 feet he realized the car in front was stopped, so he started to pull the front of his truck over with the anticipation of passing it. When he was about 50 or 60 feet from it he noticed a car coming from the east. He immediately touched his foot brake and felt the rear of his truck skidding. He tried unsuccessfully to get the front wheels of his truck onto the snow bank on the north side of the road and before he could bring his truck to a stop he hit the Hall car with the aforementioned results.

Although it is true that skidding in and of itself is not negligence (*Burns* v. *Coté*, 86 N. H. 167, 169), however the manner in which defendant's truck was operated from the time he first saw the Hall car ahead of him, including the eventual skidding, in the light of his knowledge of the weather and road conditions then existing, might properly be found negligence by the jury.

It follows from the above that the defendant's motion for a directed verdict was properly denied.

The defendant excepted to the Court's refusal to charge the jury as follows: "3. If the evidence is sufficient to show that the defendant was confronted with a sudden peril, then he is not held to the exercise of the same degree of care as when he has time for reflection." There is no evidence which warranted the application of the emergency doctrine (*Frost* v. *Stevens*, 88 N. H. 164, 166), so his exception to the Court's refusal to charge in accordance with this request must be overruled.

The defendant also excepted to the refusal of the Court to charge as follows: "11. The jury shall not consider the question of plaintiff's possible loss of future earnings, and loss in his business, inasmuch as there is no evidence on which any finding with respect to such future earnings and loss in his business can be based. 12. In considering the

damages attributable to plaintiff's loss of earnings and loss in his business, the jury shall only consider the evidence presented showing plaintiff's earnings prior to December 31, 1945 and the evidence presented showing plaintiff's earnings since December 31, 1945."

The plaintiff started welding in 1915. He had been operating his own welding business since 1922. He testified to the amount and kind of work he did before the accident and what he has been able to do since. His earnings from his business from 1943 to and including 1947 were in evidence. There was medical testimony as to his disability resulting from the accident, and a prognosis of a permanent disability as well as estimates of his life expectancy. This was all material evidence from which the jury could properly arrive at the amount of his probable loss of earnings as a result of this accident. *Dowling* v. *Shattuck*, 91 N. H. 234, 241. The refusal of the Court to charge as requested was proper and the defendant's exceptions are overruled.

The exceptions taken by defendant to the denial of his motion made before verdict that the question of damages, in so far as it relates to the plaintiff's loss of future earnings and loss in his business, be taken from the jury, and to the denial of his motion to set aside the verdict, present no question of law not already considered.

*Judgment on the verdict.*

All concurred.