149 So.2d 797

Martha THOMPSON

v.

Lawson WHITE et al.

3 Div. 905.

Supreme Court of Alabama.

Feb. 7, 1963.

414

Walter J. Knabe and M. R. Nachman, Jr., Montgomery, for appellant.

**416**

Rushton, Stakely & Johnston, Gulf, Vinson & Gore, Montgomery, for appellees.

**COLEMAN, Justice.**

This is an appeal by plaintiff, from a judgment in her favor, in an action to recover for personal injury allegedly sustained when one of the defendants drove an automobile into the rear of the automobile in which plaintiff was riding.

There is only one plaintiff. There are four defendants. One defendant is Lawson White, who was the driver of the automobile which struck the vehicle in which plaintiff was riding. The other defendants are Gulf Oil Corporation, a corporation; Herman Vinson; and Lee Gore. These three last named defendants will be sometimes collectively referred to as the Gulf defendants.

Plaintiff's contentions are that she was riding in an automobile, hereinafter some-times referred to as the plaintiff car, being driven by her daughter along Atlanta Highway; that the automobile stopped for a traffic light at the intersection of said Atlanta Highway with Forest Hills Drive in the City of Montgomery; that the automobile driven by White ran into the rear end of the automobile in which plaintiff was riding while it was stopped at the light; that the collision and resulting injury to plaintiff were proximately caused by the concurring negligence of Gulf defendants and White; that the negligence of Gulf defendants consisted in their causing the performance of certain clowns, at a filling station recently opened on one corner of the intersection, "on the portion of the Atlanta Highway used by travelling motorists"; and that White so operated his automobile as to allow his attention to be diverted by the clowns so that he ran his automobile into the automobile in which plaintiff was riding.

Gulf defendants contend that they were not guilty of any negligent or wrongful conduct in causing the performance of the clowns and that the performance of the clowns was not a proximate cause of plaintiff's injury.

On the trial, White contended that the plaintiff car stopped at the light, started across the intersection, without cause stopped again in the middle of the intersection, and that the collision was the result of the second stopping of the plaintiff car and not the result of any negligent or wrongful act on White's part.

The case was tried on two counts, one charging negligence and one charging wanton injury. When plaintiff rested, the court gave the affirmative charge with hypothesis in favor of Gulf defendants as to both counts and in favor of defendant, White, as to the wanton count. The case was thus finally submitted to the jury against one defendant only, White, and on one count only, which charged negligence.

The jury returned a verdict for plaintiff, against White, for $5,000.00. From the judgment on the verdict, and the judgment overruling her motion for new trial, plaintiff appeals.

The court sustained the demurrer of the Gulf defendants to Counts I–A through VI–A, both inclusive, all of which charge negligence except V–A which charges wanton misconduct. Plaintiff insists that sustaining the demurrer of Gulf defendants to these counts was error.

In these six counts, plaintiff alleges, with slight variations, that Gulf defendants were conducting a business at the intersection where the collision occurred, and that Gulf defendants "so negligently conducted their said business as to cause or permit the performance * * * at or near the said Atlanta Highway of certain clowns or performers," when said Gulf defendants knew or should have known that such performance would divert the attention of and create an unreasonable risk of harm to travelers, including plaintiff, on Atlanta Highway. Count V–A charges that Gulf defendants "wantonly conducted their said business" as to cause or permit the performance of clowns, etc. Count IV–A does not particularize the act relied on as constituting negligence of the Gulf defendants, but charges that they "* * * so negligently operated the said business at said time and place as to divert the attention of defendant Lawson White * * *." The reporter will set out Count IV–A in extenso.

Where a complaint in general terms avers negligence, and then avers the particular act or acts constituting the alleged negligence without more, unless such act or acts in themselves amount to negligence, the complaint is demurrable. Johnson v. Birmingham Railway, Light & Power Co., 149 Ala. 529, 533, 43 So. 33. When the pleader charges negligence and wantonness in general terms and then sets up the facts upon which such charges are predicated, the facts set up must, in themselves

show negligence and wantonness. Lovell v. Southern Ry. Co., 257 Ala. 561, 59 So. 2d 807.

On the other hand, in a count charging negligence it is sufficient to allege only facts and circumstances from which the law imposes a duty to the plaintiff, and then a general charge of negligence in the performance of that duty without a statement of the particular manner in which it was negligently performed. Brown v. City of Fairhope, 265 Ala. 596, 599, 93 So.2d 419.

The difference between said six counts to which demurrer was sustained and the two other counts to which demurrer was overruled, and on which the case was tried, lies in the averment as to the place where the clowns performed. The six counts, except IV–A, allege, in effect, that the clowns performed near the Atlanta Highway.

To show a duty owed to plaintiff and breach thereof by defendant, plaintiff relies, as we understand her argument, on the common law duty of every man to so use his own property as not to injure that of another. Perhaps the case most nearly like this one is Wolf v. Des Moines Elevator Company, 126 Iowa 659, 98 N.W. 301, 102 N.W. 517. In that case, defendant operated a grain elevator adjoining a certain way which the public had used for many years. To supply power for the elevator, defendant installed a gasoline engine. The exhaust pipe of the engine extended up through the roof of the engine room, which was located about forty feet distant from the traveled way. When the engine was working, its exhaust gave off loud, sharp puffs through the exhaust pipe at irregular intervals. There was evidence that the muffler on the engine was ineffective in muffling the sound of the exhaust, and also tending to prove that the exhaust pipe could be differently constructed so that the sound of exhaust would be materially lessened. Plaintiff was driving his team on the traveled way and the team took fright from the exhaust

explosions produced by defendant's engine and ran away resulting in plaintiff's injury.

The trial court took the case from the jury and entered judgment for defendant on an instructed verdict. On appeal by plaintiff, the Supreme Court of Iowa reversed the judgment and remanded the cause.

The appellate court held that the question of defendant's negligence was for the jury and said:

"The basic principle upon which the doctrine of all the cases is bottomed is found in the maxim old as the books—in substance, that no man shall make use of his own property in such manner as to unreasonably interefere with the enjoyment on the part of others of the rights conferred upon them by law. Of necessity it follows that in each individual case the question must resolve itself to this: Was the use being made of the adjacent property such in character as to be an unnecessary interference with or unnecessarily dangerous to persons making lawful use of the street or highway? And whether or not improper use amounting to negligence has been made to appear in any given case is generally a question to be determined by the jury. Taking the facts as shown by the record in the instant case, we think it cannot be doubted but that the elevator was located at a place where it might properly be. So, too, as we think, the use of a gasoline engine in connection with the operation of such elevator was proper and lawful, and cannot therefore be said to have been *per se* negligent. The use of gasoline in the creation of motive power has become general throughout the country, not only in the operation of mills and factories, but as well for the purposes of locomotion, and there can be no grounds upon which to predicate at this time a holding that such use is in and of itself wrongful. As in the use of steam and electricity, it becomes wrongful only when the use is attended with negligence. Accepting such to be the law, there is no escape, in our view, from the conclusion that, under the facts disclosed, the question whether there was negligence in the matter of the use and operation of defendant's engine should have been submitted under proper instructions to the jury for a verdict." (126 Iowa, at pages 663, 664, 98 N.W., at pages 302, 303)

In the instant case, in the six Counts I–A to VI–A, except IV–A, plaintiff undertook to aver the particular act constituting the alleged negligence and wanton misconduct of Gulf defendants. The allegation of the act is that Gulf defendants caused clowns to perform near the highway. We are of opinion that the act of causing clowns to perform near a highway, without more, does not constitute a breach of the duty owed by the owner of a lot abutting on a highway to exercise reasonable care so as not to injure persons traveling on the highway. Consequently, we hold that the six counts, except Count IV–A, were subject to Ground 9 of the demurrer of Gulf defendants which takes the point that it does not sufficiently appear wherein or how these defendants were guilty of negligence, and the court did not err in sustaining the demurrer to those counts.

We think, however, that the court erred in sustaining the demurrer to Count IV–A. In that count, plaintiff alleged facts showing a duty on defendants, as abutting lot owners, to exercise reasonable care to conduct their business so that it would not be an unnecessary interference with or unnecessarily dangerous to persons making lawful use of the highway. Plaintiff alleged the breach of that duty in general terms without a statement of the particular manner in which the duty was negligently performed. Certainly Count IV–A was not defective for the reason stated in Ground 9 of the demurrer. Brown v. City of Fairhope, supra. We have found no other defect in

Count IV–A, and hold that the court erred in sustaining the demurrer to that count.

Plaintiff asserts that the court erred in giving the affirmative charge in favor of the Gulf defendants as to Count VII–A. This count charges that the Gulf defendants caused the clowns to perform "on the portion of the Atlanta Highway used by travelling motorists."

■ The record shows that as to the Gulf defendants, " * * * it is stipulated that the clowns were their agents." Thus the Gulf defendants were liable, under the doctrine of respondeat superior, for the actionable negligence of the clowns.

The evidence favorable to plaintiff shows that at 10:30 or 11:00 o'clock in the morning, the daughter of plaintiff was driving her car eastward on the Atlanta Highway near the intersection; that she stopped behind another car for a red light at the intersection; that after it had stopped, the daughter's car, in which plaintiff was riding, was struck from the back by the car driven by defendant White; that the plaintiff car had been stopped two or three seconds; that the plaintiff car was traveling in the north of two eastbound traffic lanes and there was a traffic lane to the right of the plaintiff car and between it and Gulf defendants' filling station; that before she got to the stop light, plaintiff's daughter noticed two clowns along the road; the clowns had on clown suits and were waving something; they were facing the road and were close enough to have touched the plaintiff car; that the clowns distracted the driver of the plaintiff car to a certain extent but not enough to interfere with her driving; that she had passed the clowns before she stopped; that the clowns "were on a portion (of the highway) used by cars"; that the clowns "were on the paved part of the road"; they were on the north side of the ditch "right on the highway"; that the plaintiff "could have reached out and touched" the clowns.

■■ If, under the circumstances only one inference can be drawn, the court will determine the issue, but if reasonable men may fairly come to different conclusions respecting the inference to be drawn from the facts, the case will be one for the jury. United States Steel Corp. v. Mathews, 261 Ala. 120, 73 So.2d 239. Where different conclusions may be drawn by different minds from the same evidence, the decision must be left to the jury. Hillman Hotel v. McHaley, 251 Ala. 655, 659, 38 So.2d 566.

■ We are of opinion that, from the evidence favorable to plaintiff, the jury could reasonably infer that the clowns were on the traveled portion of the highway, that the activities of the clowns were such as would naturally and probably distract the attention of motorists on the highway, and that the activity of the clowns did distract White and cause him to drive his car into the car in which plaintiff was riding. We are of opinion that determination of the question whether the Gulf defendants were, under the doctrine of respondeat superior, guilty of negligence was for the jury.

The Gulf defendants argue that there is no evidence that White was distracted by the clowns, and, therefore, the negligence of Gulf defendants was not shown to be a proximate cause of injury.

■ " * * * Proximate cause 'is a mixed question of law and fact for the jury' 65 C.J.S., Negligence, § 264, pages 1183–1185. It 'is not a question of science or of legal knowledge, but is to be determined as a fact in view of the circumstances, and from a consideration of all the attending facts and circumstances, and in the exercise of practical common sense rather than by the application of abstract definitions.' 65 C.J.S. Negligence, § 264, page 1187, notes 81–83. It is a juridical question, not one of expert knowledge. It involves many factors not of an expert nature, some are legal and some factual. * * *" Underwood v. Smith, 261 Ala. 181, 189, 190, 73 So.2d 717, 725.

■ We are of opinion that the evidence reasonably supports an inference that

since White's car was immediately behind the plaintiff car, the driver of which was distracted by the clowns, White was also distracted by the clowns. In that event, White was not a free agent but was acting under the influence of the clowns. DeGrey, C. J., in Scott v. Shepherd, 2 Blackstone 892, 900. His negligence, if any, was thus a concurring cause and not an independent, intervening cause which would insulate the Gulf defendants from liability.

The court erred in taking the case from the jury as to the Gulf defendants on Count VII–A.

Plaintiff argues that the court erred in giving the affirmative charge with hypothesis in favor of defendant White as to Count VIII–A, which charged wanton misconduct.

As noted above, when plaintiff rested, the court gave affirmative instructions for White "as to Count 8–A, that is the count that charges willful and wanton negligence."

Count VIII–A charges wanton misconduct but does not charge wilful misconduct.

It may be that when plaintiff rested, defendant White indicated that he would also rest and thus the giving of affirmative instructions for White as to Count VIII–A at that time may be understood. Whether giving such instructions at that time constituted error we will not decide because further evidence was thereafter offered; because the record shows that the court gave a requested, written, affirmative charge in favor of White as to Count VIII–A; and because the court stated in its oral charge that there was only one count, VII–A, before the jury. In this state of the record, we are of opinion that all the evidence must be considered in determining whether the court erred in giving affirmative instructions for White as to Count VIII–A, charging wantonness.

A conscious failure to use the required means to avoid peril, together with indifference as to consequence in the premises, may constitute wanton misconduct, although no actual intent may exist to do the thing or cause the injury in question. J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461.

Wantonness and negligence cannot exist in the same act or omission, for the reason that wanton or wilful misconduct implies mental action; whereas that fact is absent in mere negligence. Wantonness and negligence are hence necessarily distinct colorings of a wrong to another's injury. Louisville & Nashville R. Co. v. Smith, 163 Ala. 141, 150, 151, 50 So. 241.

An act or omission is negligence or a wanton or intentional wrong according to the mental state of the person who did or omitted to do that which duty required in the premises; and, if the person intended to inflict the injury or did the act or omitted to do his duty under the circumstances with a knowledge and consciousness that his doing of the act or omitting to act will likely result in injury to another, he is guilty of wilful or wanton misconduct or omission, and is not guilty of negligence. Sington v. Birmingham Ry., Light & Power Co., 200 Ala. 282, 284, 76 So. 48; Sims v. Birmingham Electric Co., 238 Ala. 83, 189 So. 547; Law v. Saks, 241 Ala. 37, 1 So.2d 28.

The defendant, White, described the collision as follows:

"A Well, I was travelling east on the Atlanta Highway and came up to the intersection there, Forest Hills and Atlanta Highway, and a car was in front of me, and the stop light was red, and I stopped. She stopped. And then the light changed and she pulled off and stopped again. And in the meantime, I ran up under the back of her."

With reference to the traffic light, White testified:

"Q I mean before that, when you were approaching the light. Did you ever see it green or was it red from the time you first saw it?

"A It was red when I rolled up behind her and stopped, yes, sir.

"Q Did you ever see it green as you were approaching there?

"A No, sir.

"Q In other words, it was red the first time you saw it, and you pulled up and stopped?

"A That is right."

White's testimony is in conflict with plaintiff's testimony as to how the collision occurred. We are of opinion, however, that White's testimony justifies a finding that he had knowledge of the presence of the plaintiff car directly in front of him, of the location of the traffic light at the intersection, and that the light was red. Because White had this knowledge, the question was for the jury whether White drove his car into the rear of the plaintiff car as a result of mere inattention or inadvertence on White's part, in which event he would be liable for negligence, or whether with knowledge of the circumstances and a conscious indifference to the consequences he omitted to do that which he could and ought to have done to prevent the collision; to wit, stop his car; in which latter event he would be liable for wantonness. We are thus of opinion that giving affirmative instructions for White on the wanton count was error.

The questions regarding exclusion of testimony as to statements made in the presence of White will doubtless not arise on another trial and we pretermit consideration of them.

For the errors in sustaining demurrer of Gulf defendants to Count IV-A, giving affirmative charge for Gulf defendants as to Count VII-A, and giving affirmative charge for White as to Count VIII-A, the judgment is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, GOODWYN, and HARWOOD, JJ., concur.