Griffith, J.
The issue presented in this cause is whether the trial court erred in refusing plaintiff’s request for a directed verdict. Stated another way, the issue is whether defendant’s act in striking plaintiff’s automobile in the rear was in viola *339 tion of Section 4511.21, Revised Code, and was negligence per se, even though defendant claims he could not stop because his automobile skidded on the slippery street surface.
Section 4511.21, Revised Code, reads in part:
“No person shall operate a motor vehicle, trackless trolley, or streetcar in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.”
As stated by Matthias, J., in Cox v. Polster, 174 Ohio St., 224, 226, “it has long been held that this section [4511.21, Revised Code] creates a specific requirement of law, the violation of which constitutes negligence per se. Skinner v. Pennsylvania Rd. Co., 127 Ohio St., 69; and Gumley, Admr., v. Cowman, 129 Ohio St., 36.”
Defendant contends that skidding is a factor which excuses compliance with Section 4511.21, Revised Code. In making this contention, defendant overlooks the fact that the condition of the surface of the street is a factor to be considered in determining the extent of the assured clear distance ahead. It is common knowledge that a greater distance is required in which to stop a motor vehicle on a wet slippery surface than on a dry surface. An operator of a motor vehicle must take into account the slickness of the street surface and the possibility that due to such conditions his automobile might skid when brakes are applied suddenly.
A contention similar to that of defendant was made in the case of Morrison v. Demogala, 336 Mich., 298, 57 N. W. (2d), 893. In that case, defendant’s moving vehicle collided with plaintiff’s stationary vehicle on an icy road. Defendant applied his brakes, but due to the condition of the road he was unable to stop and ultimately slid into plaintiff’s vehicle.
The court said, at page 303:
“Defendant is not to be excused from the consequences of negligence by his testimony as to the icy condition of the highway at the scene of the collision. * * *
“Defendant was clearly negligent as a matter of law in *340 driving Ms automobile at such speed and under the then existing circumstances known to him, that he could not stop witMn the assured clear distance ahead.”
Defendant cites Kohn, Admx., v. B. F. Goodrich Co., 139 Ohio St., 141, and Satterthwaite v. Morgan, 141 Ohio St., 447, for the proposition that the skidding could be considered a factor which would excuse compliance with Section 4511.21, Revised Code. Both those cases involved collisions resulting from driving to the left side of the center of the roadway and are not helpful to the defendant. In the Satterthwaite case, it was held that a sudden emergency arising without fault of the defendant could create a situation in which compliance with a statutory requirement could be excused, and in the Kohn case an inference could have been drawn from the evidence that the accident was unavoidable and could have happened without fault on the part of the defendant.
Here, there are no facts showing a sudden emergency. The defendant relies on the condition of the surface of the street to excuse compliance with the statute when in fact it is that condition which must, under the statute, be taken into consideration in the operation of a motor vehicle. Nor can the accident here be said to have been unavoidable as being the result of natural causes or resulting through no fault of the defendant. True, the condition of the surface of the street contributed to the skidding, but the condition of the street did not of itself cause the accident.
Under Section 4511.21, Revised Code, the operator of a motor vehicle must take into consideration the condition of the surface of the street in regulating Ms speed and must keep Ms veMcle under such control in light of such condition as to be able to stop within the assured clear distance ahead. The facts that an earlier rain left streets wet, and that defendant’s automobile skidded when the brakes were applied because of the slickness of the street did not excuse defendant from complying with the requirements of Section 4511.21, Revised Code.
It is clear that defendant violated Section 4511.21, Revised Code, and that such violation constituted negligence per se.
It follows that the judgment of the Court of Appeals must be, and it hereby is, reversed, and the cause is remanded to the *341 Court of Common Pleas for further proceedings according to law.

Judgment reversed and cause remanded.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.