487 So.2d 252 (1986)
Kenneth Gene HARRIS
v.
Billy Larry BREWER and State Farm Mutual Automobile Insurance Company.
84-1187.
Supreme Court of Alabama.
April 4, 1986.
John W. Haley and S. Greg Burge, of Hare, Wynn, Newell & Newton, Birmingham, for appellant.
K. Stephen Jackson, of McMillan & Spratling, Birmingham, for appellee Brewer.
Michael K. Beard, of Rives & Peterson, Birmingham, for intervenor, State Farm Mut. Auto. Ins. Co.
MADDOX, Justice.
This is an appeal from a summary judgment granted in favor of defendants Billy Larry Brewer and State Farm Mutual Automobile Insurance Company. We affirm.
The facts are undisputed. On February 28, 1984, at approximately 5:30 p.m., Brewer was traveling south on Interstate Highway 59 en route from Gadsden to Tuscaloosa *253 with his wife and child. It was lightly snowing. Earlier that day, that part of Interstate 59 had been closed due to ice and snow which covered the road; however, the highway was open for travel at the time the Brewers were driving on it.
A few miles from downtown Birmingham, between Roebuck Plaza and Roebuck Parkway, Brewer lost control of his automobile while driving on an overpass, on which a patch of ice had accumulated. Brewer's car slid to the right, completely off the highway, and struck a utility pole. It is undisputed that no part of Brewer's car was blocking the highway itself.
Plaintiff Kenneth Gene Harris, on his way home from work, was traveling in the northbound lane of Interstate 59, the opposite direction of the Brewers, when he saw the Brewers' car. Harris stopped his car on the right side of the highway, crossed two lanes of traffic, and was standing in the median, when Nida Kershell, who was also a defendant in this case, lost control of her car on the overpass and skidded into the median. It is also undisputed that no part of Kershell's car was blocking the highway.
While Harris was still standing in the median, a third person, Earl Irving Payne, lost control of his car on the overpass, slid into the median, and struck Harris.
On September 5, 1984, Harris filed his complaint in the Circuit Court of Jefferson County, alleging that defendants Brewer and Kershell negligently or wantonly caused Payne's car to strike and injure Harris. Brewer filed an answer on October 25, 1984, denying liability and raising the defenses of contributory negligence and assumption of risk. Kershell failed to answer or to appear at trial. A default judgment in Harris's favor was rendered against her in the amount of $60,000 on August 5, 1985.
On November 5, 1984, State Farm filed a motion for leave to intervene as provider of Harris's uninsured motorist coverage. This motion was granted on November 15, 1984. State Farm then filed an answer and a cross-claim against Kershell.
State Farm filed a motion for summary judgment on June 5, 1985. Brewer filed a motion for summary judgment on June 17. The trial court granted both motions on July 3, 1985, and Harris appealed here.
Because of the nature of negligence actions, issues of fact are almost always involved, and, thus, summary judgment is rarely appropriate. Coggin v. Starke Bros. Realty Co., 391 So.2d 111 (Ala.1980). However, even in a negligence action, if the defendant can prove that no genuine issue of material fact exists, and that, as a matter of law, based on the facts before the court, the plaintiff cannot prevail, summary judgment is appropriate. Id. Even in light of this heavy burden of proof, however, we are persuaded, on the facts presented here, that the plaintiff could not recover and the defendants were by law entitled to a judgment in their favor.
As noted, the evidence is undisputed that at no time did either Brewer's or Kershell's vehicle block traffic on the highway. Payne testified in his deposition that he was going between 45 and 50 miles per hour when he lost control of his car on the overpass. He testified that he saw the taillights of at least two cars in front of him, and that he saw a man he later said he believed to have been Brewer standing on the side of the road, waving as though to warn approaching drivers. However, Payne further testified that he did not see Brewer standing by the road until he was already sliding on the ice.
The issue raised in this case is whether Brewer's and Kershell's acts were such that they could be held liable for the injury suffered by the plaintiff. We think not for two reasons. Under the facts of this particular case, and under the applicable law, the plaintiff failed to show that the acts of these defendants constituted negligence. That is, there was no showing of any breach of a duty owing from them to the plaintiff and there was no showing that the acts of these defendants were the proximate cause of the plaintiff's injuries.
*254 It is well understood that there is no actionable negligence unless the defendant's actions breach a legal duty owed to the plaintiff. Bryant v. Morley, 406 So.2d 394 (Ala.1981). Here, Harris contends that Brewer and Kershell owed a duty to avoid inflicting injury on other drivers and that by losing control of their automobiles, they breached this duty, with the result that Harris was injured.
It is clear, however, from the facts presented, that Brewer and Kershell lost control of their vehicles on a bridge that was covered with ice. In National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492 (1951), this Court stated:
"In 113 American Law Reports, on page 1002, is an extensive annotation on the subject of `liability for damages or injuries by skidding motor vehicle.' It will be found by reading it that the courts generally hold that accidents produced exclusively by skidding on an ice-covered surface of a road, and which are not contributed to by nonobservance of some other precautionary requirement, will not support a cause of action based on negligence.
"But it is also the general rule that one driving on a slippery highway must take that condition into consideration and if there is evidence tending to show that the skidding was superinduced or accelerated by him, then it is for the jury to determine whether or not the skidding resulted from the driver's negligence. Hewitt's Adm'r v. Central Truckaway System, 302 Ky. 459, 194 S.W.2d 999; Vunak v. Walters, 157 Pa.Super. 660, 43 A.2d 536; Hill v. Bardis, 96 N.H. 14, 69 A.2d 1; Brown v. Arnold, 303 Mich. 616, 6 N.W.2d 914; Humphries v. Complete Auto Transit, Inc., 305 Mich. 188, 9 N.W.2d 55; Zeinemann v. Gasser, 251 Wis. 238, 29 N.W.2d 49; Stanford v. Holloway, 25 Tenn.App. 379, 157 S.W.2d 864; De Antonio v. New Haven Dairy Co., 105 Conn. 663, 136 A. 567; Sigmon v. Mundy, 125 W.Va. 591, 25 S.E.2d 636; Barret v. Caddo Transfer & Warehouse Co., 165 La. 1075, 116 So. 563, 58 A.L.R. 261; Tutewiler v. Shannon, 8 Wash.2d 23, 111 P.2d 215; Zeigler v. Ryan, 65 S.D. 110, 271 N.W. 767; 5 Am.Jur. 654, § 273; 1 Blashfield, Cyc. of Automobile Law and Procedure (Part 2), § 653, p. 518.
"In Kaczmarek v. Murphy, 78 Ohio App. 449, 70 N.E.2d 784, 786, the rule is stated as follows:
"`The mere skidding of an automobile on an icy street does not necessarily prove negligence of the driver of the car. See Kohn, Adm'x v. B.F. Goodrich Co., 139 Ohio St. 141, 38 N.E.2d 592; Satterthwaite v. Morgan, Jr., 141 Ohio St. 447, at page 453, 48 N.E.2d 653.
"`Skidding, however, may so occur in connection with acts or omissions of the operator as to warrant a finding of negligence in the operation of a car. And if there is evidence showing or tending to show that an automobile skidded into a collision with another car, lawfully operated on a highway, because of a lack of ordinary care of the driver of the skidding car in the operation thereof, such circumstances make a case for the jury. For, while proof that the car skidded is not necessarily proof of its negligent operation, proof of circumstances which so connect the skidding with such operation that reasonable minds could reach different conclusions as to whether the car was operated properly, makes a case for a jury. If the negligent operation of an automobile caused a car to skid, and damage to others from such skidding results, such negligence, if established, has the same consequences as to liability as negligence of any other character.'
"The rule is stated in 5 Am.Jur. 654: `The inquiry in cases of skidding is as to the driver's conduct previous to such skidding. The speed of the automobile prior to the skidding and the care in handling the automobile, particularly in the application of brakes, are factors to be considered in determining whether or *255 not there was an exercise of due care * * *.'"
National Biscuit Co. v. Wilson, 256 Ala. at 245, 246, 54 So.2d at 495, 496.
Harris makes no allegations of negligence against Brewer and Kershell in the operation of their automobiles other than the fact that they slid on an ice-covered overpass. Clearly, this fact does not constitute negligence under the law of Alabama.
Harris contends that the holding in Thompson v. White, 274 Ala. 413, 149 So.2d 797 (1963), creates a jury question in this case. Plaintiff's argument is based on the theory that Brewer's and Kershell's accidents caused the third accident, that is, Payne's accident, which caused the plaintiff's injuries. As we have already stated, we find that under the facts presented here, no liability under such a theory of law is shown. Consequently, we find that Thompson is distinguishable. In Thompson, the plaintiff was a passenger in an automobile that was stopped at a red light. On the corner nearest to the car plaintiff occupied, at a Gulf filling station, two clowns were performing. One defendant, White, struck plaintiff's car from behind. Plaintiff also sued Gulf Oil Corporation, alleging that Gulf was negligent in allowing the clowns to perform on the road itself and thus distract drivers. While there was no direct evidence that the clowns distracted White, this Court stated:
"We are of opinion that the evidence reasonably supports an inference that since White's car was immediately behind the plaintiff car, the driver of which was distracted by the clowns, White was also distracted by the clowns. In that event, White was not a free agent but was acting under the influence of the clowns. DeGrey, C.J., in Scott v. Shepherd, 2 Blackstone 892, 900. His negligence, if any, was thus a concurring cause and not an independent, intervening cause which would insulate the Gulf defendants from liability."
274 Ala. at 419-20, 149 So.2d at 804.
Thompson is distinguishable from the present case. Here, it is undisputed that no part of either Kershell's car or Brewer's car blocked any portion of the highway. In Thompson, the clowns were performing in the road itself. Also, in Thompson, the clowns were performing with Gulf's permission. Gulf should have realized that chances were good that drivers would be distracted by the clowns. Here, other than the fact that they had an accident, no evidence of defendants' negligence was presented.
We are aware that there is a split of authority among the jurisdictions as to whether the first driver in a case like this is relieved of liability, see, Annot., 58 A.L. R.2d 270 (1958), and, in an appropriate case, where the negligence of the driver which caused the first accident may somehow have also caused the later accident as well, we would be more inclined to feel that a jury question is presented. However, here, there is no proof that the third accident was a result of the first two accidents. Therefore, we are of the opinion that the trial court did not err in granting summary judgment.
Because no evidence was presented which showed that either Brewer or Kershell violated any duty owed to Harris, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
SHORES, ADAMS and HOUSTON, JJ., concur.
JONES, J., concurs in the result.
JONES, Justice (concurring in the result).
I concur in the result. I would not reach the "independent intervening agency" principle. The facts of this case do not furnish a reasonable inference that either Kershell's or Brewer's conduct created an "occasion" or a "condition" even remotely connected with Harris's injury. Thus, we can conclude that the trial court correctly granted summary judgment based on the total absence of any culpability, without *256 the necessity of invoking the "intervening" doctrine.