KING ET AL., APPELLANTS, *v.* CARNAHAN, APPELLEE.

(Decided June 14, 1938.)

*Messrs. Nolan, Beigel & Mahrt,* for appellants.
*Messrs. Kirkbride, Boesel, Frease & Cole,* for appellee.

GUERNSEY, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Paulding county in an action pending therein in which the appellants William C. King and General Exchange Insurance Corporation, were plaintiffs and the appellee Laurel Carnahan was defendant.   The action is one to recover for damages to an automobile, owned by the plaintiff, William C. King, and operated by his brother Louis King, sustained in a collision with a truck owned by the defendant Laurel Carnahan, being operated by his agent, Bert Donley.   The reasonable cost of the necessary repairs to the automobile of plaintiff amounted to the sum of $320.07.   The General Exchange Insurance Corporation, one of the plaintiffs, at the time of the collision was obligated by contract of insurance issued by it to the other plaintiff, William C. King, to pay the sum of $270.07 on said repair bill, the plaintiff, William C. King, paying the balance of $50.   The insurance corporation claims as subrogee of the plaintiff to the amount of such payment.

On the trial of the action in the Common Pleas Court a verdict was returned in favor of the defendant, Laurel Carnahan, and judgment was thereafter duly entered on the verdict, and it is this judgment from which this appeal is taken.

In the petition the plaintiffs, among their specifications of negligence on the part of the defendant, charged that the defendant, through his agents, was negligent in operating the truck owned by him in and upon the public highway where the collision occurred, at a greater speed than permitted him to bring it to a stop within the assured clear distance ahead.

There is no dispute about the controlling facts in the case. The collision occurred on January 19, 1937, at about 8:30 p. m., on route 127 in Mercer county, Ohio. The Chevrolet town sedan of the plaintiff, William C. King, was at the time of the collision being operated by his brother Louis King. Louis King had been flagged to a stop by a deputy sheriff of Mercer county because of a wreck which had occurred on the highway. The place where the sedan was stopped was approximately one-half the distance from the south to the north end of Lake St. Marys along the west shore of which the highway runs. While in a standing position on the east side of the highway, heading north, the direction in which he had been traveling, said automobile was struck in the rear by a truck weighing, with its load, between seven and one-half and eight and one-half tons, owned by the defendant and being operated at that time and place by his agent, Bert Donley. The same deputy sheriff who had stopped the King car endeavored to stop the approaching truck and waved lighted lanterns in front of it for the purpose of bringing it to a stop, but the truck failed to stop. The force of the collision drove the car into the rear end of a truck which was parked ahead of it on the highway causing damages to the front as well as to the rear end of the car. The reasonable cost of the necessary repairs to the plaintiff's automobile amounted to $320.07.

The evidence offered on behalf of the defendant was in conformity with the facts above mentioned except

that he offered no evidence as to the reasonable cost of the repairs.

In addition thereto defendant offered evidence tending to show that his truck was being driven in a northerly direction from Cincinnati prior to and at the time of the collision and that the highway all the way had been dry and free from moisture and ice; that his truck was equipped with headlights conforming to law, which were lighted and operating properly; that there was a curve in the highway south of the place of the collision and that he could not see the automobile ahead or the lights waved by the deputy sheriff until he had rounded such curve, and that the place where he rounded such curve was approximately two hundred feet south of the place of collision; that the highway, which was of cement, was, for a space of two hundred feet immediately south of the place of collision, darker in color than the balance of the highway and was wet and icy from the wind throwing water from the lake onto it; that defendant's driver applied his brakes about one hundred and seventy-five feet south of the place of collision and his truck skidded for such distance into plaintiff's automobile.

The appellants make four assignments of error, as follows:

1. The court erred in its charge to the jury.

2. The court erred in excluding evidence over objections of appellants to which they excepted at the time.

3. Judgment is contrary to law and against the weight of the evidence.

4. The court erred in overruling motion for new trial.

These assignments will be considered in the order mentioned.

1. The first assignment is based on the failure of the court to charge the provisions of Section 7249 (2), General Code, applicable to the speed of commercial

vehicles of a certain weight and structure. There were no facts pleaded in the petition showing that the truck owned by the defendant came within the purview of said section, so it was not incumbent upon the court to charge the provisions of said section and it did not err in failing to do so.

2. The claimed error in the exclusion of evidence relates to statements made by the driver of the defendant's truck immediately following the collision. The statements related to the facts not in dispute plus a claimed admission by the driver of the truck that the defendant carried insurance which would be available to the plaintiff. Insofar as the statements related to the conceded facts it was not error to exclude them, and insofar as they related to insurance, although constituting a part of the statements made at the time, they were properly excluded as the driver was without authority to bind his principal, the defendant, by such statement.

3. The third assignment of error is that the judgment is contrary to law and against the weight of the evidence and is based on a claim by appellants that, under the evidence in the case, the driver of defendant's truck had violated Section 12603, General Code, requiring the driver of a motor vehicle on public highways not to drive his vehicle at a greater speed "than will permit him to bring it to a stop within the assured clear distance ahead," and that there were no facts in evidence tending to establish that, without his fault and because of circumstances over which he had no control, compliance with the law was rendered impossible.

The pertinent provisions of Section 12603, General Code, read as follows:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or

highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.''

It will be noted that under the provisions of the section above mentioned cumulative duties are imposed upon the operator of a motor vehicle in and upon the public roads or highways, the first duty being that he shall not operate such motor vehicle at a speed greater or less than is reasonable or proper having due regard to the traffic, surface and width of the road or highway, and of any other conditions then existing; and the second duty being that he shall not drive such motor vehicle at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. In the observance of the second duty he must also comply with the first duty. In other words, it is the duty of the operator of a motor vehicle on the public roads or highways not to operate his motor vehicle at a speed greater or less than is reasonable or proper having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and, in operating the same in the manner provided, not to drive such vehicle at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

In the case of *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St., 471, 3 N. E. (2d), 427, the Supreme Court, in the second paragraph of the syllabus, held: ''One who violates Section 12603, General Code, requiring a driver of a motor vehicle on public highways not to drive his vehicle at a greater speed 'than will permit him to bring it to a stop within the assured clear distance ahead' is, in the absence of proof of a legal excuse therefor, guilty of contributory negligence as a matter of law.''

And in the third paragraph of the syllabus the court further held: "An operator who has failed to comply with the 'assured clear distance' statute may excuse such failure and avoid the legal imputation of negligence *per se* by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible."

The evidence in that case tended to prove that the operator of plaintiff's car, which, coming along the highway from the rear, collided with a parked Ford truck owned by the defendant, was blinded by the lights of a car approaching from the direction in which he was driving, and the court held that this did not constitute a legal excuse for the violation of said section by the operator of plaintiff's car.

In the later case of *Matz, Admr.,* v. *Curtis Cartage Co.,* 132 Ohio St., 271, 7 N. E. (2d), 220, in which paragraph three of the syllabus in the *Kormos case, supra,* is approved and followed, the plaintiff was confronted with an emergency by the swerving of the oncoming automobile into his path, and the evidence tended to prove that without his fault and by the unforseeable action of another he was forced to turn to his right and into the parked truck, and in this state of the evidence the court held that the questions whether plaintiff was guilty of negligence in violating the statute and whether such negligence, if it existed, directly contributed to produce his wife's injuries, were for the determination of the jury under the proper instructions of the court.

This case represents an application of the rule laid down in the third paragraph of the syllabus of the *Kormos case* to a state of facts where an independent, intervening act of another may have been the proximate cause of the collision instead of the violation of the provisions of Section 12603 by a party sought to

be charged with contributory negligence by reason of the violation of that section.

It is obvious from these decisions that neither the existence of any state of facts of traffic, surface and width of the road or highway nor the existence of any other conditions constitutes a legal excuse for the violation of the provisions of Section 12603, unless there is an independent and intervening, proximate causal factor.

In the case at bar the defendant contends that the facts that the road was dry as he approached and to within two hundred feet of the place of the collision; that his approach to within approximately two hundred feet of the place of collision was around a curve where he could not see plaintiff's parked car and the lights waved by the deputy sheriff before coming within two hundred feet of such place; that the wet and icy condition of the roadway was caused by water being thrown from the lake, on it, constituting a condition peculiar to the two hundred foot strip of the roadway; and that he applied his brakes on his truck within said two hundred feet strip and skidded into plaintiff's car, constituted a legal excuse for his violation of the assured clear distance ahead statute.

A consideration of these facts discloses that they all relate to the condition of the surface and other conditions of the highway and are such facts as it is the duty of the driver of a motor vehicle under the statute to take into consideration in operating his motor vehicle, and none of them relates to an independent, intervening causal factor; and such facts, therefore, do not constitute a legal excuse for the violation of the provisions of said section by the operator of defendant's truck.

There being no issue of contributory negligence on the part of the plaintiff in the case, if plaintiff's counsel had made a timely request of the court so to do, it would have been the duty of the trial court to instruct

the jury that under the evidence the defendant, in the operation of his motor truck by his agent, was negligent as a matter of law and that such negligence was the proximate cause of the injuries to plaintiff's automobile, leaving to the jury the determination of the question of the amount of plaintiff's damages.

No such request was made but there is competent, credible and substantial evidence tending to prove damages to plaintiff in the amount hereinbefore set forth unopposed by any other evidence, and the presumed finding of the jury on the question of damages is therefore against the weight of the evidence on this issue. The presumed finding of the jury that the defendant was not negligent is, for the reasons above mentioned, contrary to law in that the defendant was negligent as a matter of law. For the reasons mentioned, the judgment of the Common Pleas Court will be reversed and the cause remanded for new trial and further proceedings according to law.

4. For the reasons mentioned the court erred in overruling the motion for new trial.

*Judgment reversed and cause remanded.*

CROW and KLINGER, JJ., concur.