KAUFFMAN, APPELLEE, *v.* BIEKER, APPELLANT.[*]

(No. 8660—Decided November 9, 1959.)

---

[*]Motion to certify the record overruled, March 2, 1960.

*Mr. Richard H. Ward* and *Messrs. Steer, Strauss & Adair*, for appellee.
*Messrs. McIntosh & McIntosh*, for appellant.

Long, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas. Briefly stated, a collision occurred between plaintiff's and defendant's cars on January 30, 1956, as a result of the following circumstances. It was one of those icy, slippery mornings when the temperature was hovering around freezing. The streets were wet and icy in some places. Defendant was operating her car in the lane nearest the curb, going in a northerly direction, while plaintiff was operating his car in the same direction in the lane nearest the center of the street. Both cars had proceeded a short distance on Paddock Road, where that street intersects Reading Road. In this position, plaintiff was following defendant at about 3 to 5 car lengths. It is admitted that neither car was going in excess of fifteen miles per hour. There was some evidence that defendant's car had passed another car, but a reading of the record discloses that she was back in the same lane in which she had been driving, and that the passing of the other car had nothing to do with the collision.

The petition, as well as the evidence, discloses that the sole negligence relied upon to establish failure of control in the operation of her car by defendant consists of applying her brakes, causing her to skid and then turning her front wheels, or steering her car in the wrong direction. There is evidence to sustain the view that defendant applied her brakes, evidenced by the appearance of red lights at the rear of her car; also, there is evidence that defendant failed to turn her front wheels in the direction of the skid. There is absolutely no evidence whatever that defendant's car was being operated in any way other than in a careful manner, prior to the skidding; nothing appears to indicate that defendant's driving prior to the skid was such that she might have been warned that continuance in such a course of conduct was likely to result in injury or damage to others using the highway under the circumstances then existing.

The law on the question of skidding, we think, is well settled. Ohio conforms to the weight of authority to the effect that skid-

ding in and of itself is not negligence. *Glenny* v. *Wright*, 53 Ohio App., 1, 4 N. E. (2d), 158. As a matter of fact, both counsel in this case agree that this is sound law. The courts further agree that there must be negligent operation of some kind causing the skidding, before such skidding can be the basis of recovery of damages.

There is nothing in the evidence in this case to indicate that there is a proper manner of turning the front wheels when a car starts to skid; nor is there anything to indicate that a failure to apply the brakes would have avoided the accident. The most natural thing in the world for a person to do, when he starts to skid, is to try his brakes to see if they can be of any help in controlling the car. Further, there is nothing in this record to show that the steering of defendant's car in the opposite direction might have prevented, or was likely to prevent, what happened.

It seems to this court that the jury concluded that the mere fact that defendant's car skidded and collided with plaintiff's car gave rise to liability against the defendant. With this view, we cannot agree.

It is our judgment that the trial court should have granted defendant's motion for an instructed verdict.

The judgment of the Court of Common Pleas is reversed, and final judgment is rendered in this court for the defendant.

*Judgment reversed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.