MUTUAL BENEFIT INSURANCE COMPANY AND CLIFFORD YOUNG, PLAINTIFFS-APPELLEES, *v.* REISS, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Geauga County.

No. 328. Decided January 18, 1961.

*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for defendant-appellant.

*Mr. Emanuel H. McGregor,* for plaintiff-appellee.

BROWN, J.. At night on November 9, 1957, the plaintiff, Clifford Young, was driving east on Ohio State Route 422. While descending a hill near Parkman, Ohio, in a snow storm, Young lost control of his car and skidded to a stop near the bottom of the hill, on the left, or north, berm of the road, parallel to the road and with both left wheels three feet off the road. Immediately to Young's left at this point was the northerly quard rail. Later a second car also proceeding easterly down the same hill, passed the Young car on the right and skidded to a stop astride the right hand lane some distance east of Young's car.

Still later, the defendant, also going east, proceeding down the same hill, under the same conditions, saw the lights of Young's car on the left some distance ahead of him. Defendant continued to descend the hill, planning to pass to the right of Young's car, and when defendant was about three car lengths west of Young's car defendant saw that the right hand lane was obstructed. In attempting to stop, defendant skidded across the road into the west bound lane and collided with Young's disabled car causing property damage to same.

Plaintiff, Mutual Benefit Insurance Company, the collision carrier of Young's car was subrogated to part of this claim for damages.

To the plaintiffs' petition for property damage the defendant interposed a general denial.

The case was tried to a jury which returned a verdict for defendant, upon which judgment was entered.

Thereafter, plaintiff moved for judgment notwithstanding the verdict and alternatively for a new trial.

Plaintiffs' motion for judgment notwithstanding the verdict was granted by the trial court. The plaintiffs' motion for a new trial was sustained conditionally, the condition being the overruling by this Court of the trial court's ruling on the motion for judgment notwithstanding the verdict.

This court is in agreement with the trial court's order in granting judgment to the plaintiff notwithstanding the verdict of the jury.

The defendant's negligence in driving across onto the left half of the highway and into the plaintiffs disabled car was a violation of Section 4511.25, Revised Code. This section is a specific requirement, a violation of which is negligence per se. *Brandt* v. *Mansfield Rapid Transit, Inc.*, 153 Ohio St., 429, 41 Ohio Opinions, 428, 92 N. E. (2d), 1.

Reasonable minds can not differ that under the circumstances above described the negligence of the defendant-appellant was the proximate cause of the collision.

The existence of snow and ice on a roadway or the difficulties of driving through a snow storm do not constitute a legal excuse for a violation of a statute which contains a specific requirement. *King et al, Appellants* v. *Carnahan, Appellee*, 61 Ohio App., 84.

The foregoing brings the court to the conclusion that it is unnecessary to discuss the propriety of the charge with regard to the application of the assured clear distance rule in this situation, since the court should have directed a verdict for plaintiffs at the conclusion of all the evidence.

Appellant's brief claims that the trial court erred in refusing to give the charge concerning contributory negligence of the plaintiff, and argues that this court should consider evidence in the record concerning the plaintiff's violation of the specific requirement of Section 4511.66, Revised Code. We find no evidence in the record which would indicate a violation of Section 4511.66, Revised Code, by plaintiff, Young.

We observe in the defendant-appellant's testimony his admission that the Young car was stationary on the left side of the road; that no part of the plaintiff's car was at any time in the defendant's lane of travel; that the defendant was able to see plaintiff's car lights on the left when it was "quite a distance" ahead of him; that the plaintiff's car was still three car lengths ahead of defendant when defendant first saw the car in the southerly, or east-bound, lane seven car lengths ahead of the plaintiff's position.

Under these circumstances we are unable to see where any claimed negligence of the plaintiff could have possibly contributed to the causation of this collision.

Since reasonable minds could not differ in this conclusion it would be improper to let a jury speculate in this situation.

The record contains a stipulation by the parties regarding the plaintiffs' money damages. Hence, the judgment of the trial court is affirmed.

GRIFFITH, P. J., DONAHUE, J., concur.