Republic-Franklin Ins. Co., Appellee, *v.* Smathers, Appellant.

(No. 7323—Decided November 5, 1963.)

*Messrs. Hamilton & Kramer*, for appellee.
*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Rudolph Janata, Jr.,* and *Mr. Charles E. Brant*, for appellant.

Troop, J.   This is an appeal on questions of law from a judgment entered by the Columbus Municipal Court in favor of the plaintiff in an action begun by The Republic-Franklin Insurance Company, as an insurer-subrogee, against Dorothy M. Smathers, defendant and appellant herein.   Reference is to plaintiff and defendant as they appear in the trial court.

An accident occurred on January 2, 1960, on East Main Street, or U. S. Route 40, near the intersection with the Noe-Bixby Road, at an early morning hour.   Plaintiff's insured was going west on the north side of the center line when the defend-

ant, moving in an easterly direction, driving a 1951 Oldsmobile, skidded on the ice covered surface of the road across the center line and into the 1954 Studebaker driven by plaintiff's insured.

There appears to be no controversy as to the facts pertaining to the accident. The petition of the plaintiff and the answer of the defendant contain essentially the same recital of the fact producing the collision, that plaintiff skidded on the ice-covered surface of the road.

Other material facts are apparent from the record. The more precise location of the accident is 72 feet, approximately, from the east end of a bridge over Big Walnut Creek, which is a part of the East Main Street roadway, a short distance west of the Noe-Bixby intersection. The plaintiff had driven her car west over that bridge to a filling station near Hamilton Road at about 7 a. m., and was joined by her husband, who left his car at the station, and returned ten to twenty minutes later traveling east toward their home in Reynoldsburg. It was on the eastbound journey that the skidding occurred, beginning on the westerly end of the bridge, continuing the full length of the bridge, estimated at 100 feet, across the center line into the lane of the approaching Studebaker with impact following at a point approximately 72 feet east of the east end of the bridge. Darkness prevailed, there was a misty or slight rain falling, and the mist had frozen as it fell on the bridge creating an icy surface, while the roadway proper was only wet.

The decision of the court recites that at the time of the trial, the defendant, who had requested a jury trial, agreed with counsel for the plaintiff to submit the cause to the court upon the merits, at the close of all of the evidence, for determination of the basic question as to whether defendant's action in skidding onto the left half of the roadway and into the automobile driven by the plaintiff's insured, in violation of a statute, was negligence per se.

Submitting the case upon the merits makes the court trier of the facts as well as the determiner of the applicable law, and even though the language of the decision seems to indicate an attempt to limit the court to a single question of law, it did make a finding as to basic matters of fact. Such a finding of facts contributes to a determination of the appropriate rule of law to be applied and therefore we have reviewed the record

and the court's findings. In addition to the basic facts already noted, a few of the conclusions the court makes follow:

(1) "The weather was cloudy, a slight mist prevailed, the road pavements were wet, both vehicles had their headlights on and windshield wipers working."

(2) "Defendant had crossed the bridge in question proceeding westwardly only 20 minutes before and had observed no ice on the bridge surface at that time."

(3) "Prior to the skid, defendant's speed was approximately 30-35 m.p.h."

(4) "She noticed no ice on the bridge upon first contacting its surface."

(5) "During the skid she did not apply her brakes and turned the wheels in the direction of the skid in an attempt to right the vehicle."

The court called attention to the testimony of the husband of the defendant, Thomas Smathers, a passenger in her car at the time of the accident, as follows:

(6) "That defendant traveled over this bridge twice daily on trips to and from her employment; that ice often forms on this bridge before forming on the highway; that there had been prior accidents on the bridge in question and this spot was generally known to defendant as a treacherous portion of the highway."

That a violation of Section 4511.25, Revised Code, is negligence per se seems well established. A recently decided case, *Mutual Benefit Ins. Co. v. Reiss* (1961), 88 Ohio Law Abs., 450, by the Seventh District Court of Appeals, is reasonably conclusive. It has particular point here since it is a snow and ice case. At page 452, the court says, as follows:

"The defendant's negligence in driving across onto the left half of the highway and into the plaintiffs disabled car was a violation of Section 4511.25, Revised Code. This section is a specific requirement, a violation of which is negligence per se. * * *"

This follows the rule set down by the Supreme Court in *Brandt* v. *Mansfield Rapid Transit, Inc.* (1950), 153 Ohio St., 429.

The Seventh District Court of Appeals also held, at page 452 of 88 Ohio Law Abs. that:

"The existence of snow and ice on a roadway or the difficulties of driving through a snow storm do not constitute a legal excuse for a violation of a statute which contains a specific requirement. * * *"

To support this proposition, the court relies upon *King* v. *Carnahan* (1938), 61 Ohio App., 84, another ice case. In addition to the basic rule quoted, the court in the *King case, supra*, says:

"* * * Such a fact relates to the condition of the road, which it is the duty of the driver to take into consideration in operating his motor vehicle."

Standing alone, these older cases, especially the *King case, supra*, suggest very rigid rules, perhaps too severely rigid, with respect to those who cause an accident by being on the wrong or left hand side of the road in violation of the specific statute. These cases provide, however, the background for decisions coming later modifying or watering down the harsher rule.

It seems well established that skidding in and of itself is not evidence of negligent operation. (*Glenny* v. *Wright* [1936], 53 Ohio App., 1, and *Kauffman* v. *Bieker* [1959], 110 Ohio App., 496, and others.) The *Kauffman case, supra*, adds a corollary rule, however, to the basic rule. At page 498, the language is as follows:

"* * * The courts further agree that there must be negligent operation of some kind causing the skidding, before such skidding can be the basis of recovery of damages."

This proposition also provides background to later pronouncements.

The series of cases developing a milder approach to violations of specific safety requirements begins with that of *Kohn, Admx.*, v. *B. F. Goodrich Co.* (1941), 139 Ohio St., 141. In its decision the court refers to an accident situation described as an "unavoidable accident." Since the syllabus of the case is concerned with more technical and procedural matters, the language of the court at page 147 serves to reflect its more moderate conceptions. The language is as follows:

"* * * A safety statute does not require the driver of a motor vehicle to do the impossible. * * * If, as defendant claims, it was impossible for the driver, traveling on the right of the

roadway, to keep the truck from going to the left side, there would be no violation of Section 6310-17.''

Counsel for the defendant rely upon the *Kohn case, supra,* in support of the position taken in their brief, when they urge that a clear distinction must be made when applying Section 4511.25, Revised Code, to specific cases. Two categories of situations are drawn by the language of the statute, say counsel; one where the car is *driven* over the center line, and the other where it is *found* over the center line. The implication to be drawn from the use of the term ''found'' is that the car is to left of center due to no cause at all because it wasn't driven there, which of course is without foundation in truth. The *Kohn case, supra,* suggests one reason for the car being ''found'' across the line, the ''unavoidable accident,'' ascribing its presence there as arising from ''natural causes.'' That the finding of such a causal force is a question of fact to be determined by the trier of the facts is suggested in the language at page 148 of 139 Ohio St., as follows:

''If an accident took place, which was the result of natural causes without the fault or negligence of either party, then it is plain that there could not be want of ordinary care on defendant's part and plaintiff has not sustained the burden of proof with respect thereto. * * *''

The legal effect of a finding that an accident resulted from an unavoidable accident, is set out at page 148 of 139 Ohio St., as follows:

''Unavoidable accident is not an affirmative defense but merely negatives negligence, * * *.''

Next in the series of cases to be examined in connection with this review is that of *Satterthwaite* v. *Morgan* (1943), 141 Ohio St., 447. The accident was a collision of automobiles and one of the facts recited was that there was some ice and snow on the streets which were quite slippery. The court, in that case, departs from the unavoidable accident doctrine and applies what we now identify as the emergency doctrine. Paragraph two of the syllabus contains the rule, as follows:

''An operator of a motor vehicle who has failed to comply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his

fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible.''

Paragraph three of the syllabus holds that any defendant who offers evidence of facts from which an emergency may be inferred presents to a jury for determination, the matters of his liability and of the proximate cause of injury resulting from the violation.

The court followed the same rule found in the line of cases, including *Satterthwaite, supra,* in *Bush, Admr.,* v. *Harvey Transfer Co.* (1946), 146 Ohio St., 657, an unlighted truck case, and in *Lehman* v. *Haynam* (1956), 164 Ohio St., 595, involving an unconscious driver.

Of particular interest here is the case of *Masterana* v. *Cashner* (1959), 114 Ohio App., 379 (motion to certify overruled December 16, 1959), because it also involves an accident resulting from the skidding on snow and ice of the automobile driven by the defendant, which slide took him across the center line into his left lane where he collided with the car driven by the plaintiff. The Court of Appeals for Stark County considered and followed the line of cases to which reference is made here. Paragraph one of the syllabus contains the rule followed by the court. It reads as follows:

''In an action for damages resulting from negligence per se in the violation of a statutory traffic regulation, the burden of proving, by a preponderance of the evidence, the defense of unavoidable accident is on the defendant who must show that, without his fault and because of unforeseeable circumstances over which he had no control, compliance with the statutory regulation was rendered impossible.''

Because of the convincing fact pattern, the majority of the court in the *Masterana case, supra,* held that the trial court was in error in submitting the question of ''unavoidable accident'' to the jury.

Counsel for defendant urge that the instant case is distinguishable from the *Masterana case, supra,* upon the questions of ''avoidable'' and ''foreseeable circumstance.'' The contention is that in *Masterana, supra,* it was a snowy, wintery night, and witnesses testified as to the presence of ice or packed down snow in the area, all of which adds up to the conclusion that the skidding was foreseeable and avoidable. In contrast, in

our case, urges defendant, the roadway was only wet and the ice had appeared on the bridge after the time of defendant's first crossing which made the ice she encountered "*un*foreseeable."

In *Elfers* v. *Bright* (1958), 108 Ohio App., 495 (motion to certify overruled April 15, 1959), a part of paragraph six of the syllabus reads as follows:

"* * * but evidence tending to show impossibility of compliance presents a question of fact for the jury and the burden of proof as to the excuse for noncompliance rests upon the operator of the vehicle."

This court considered the general question of compliance with specific regulatory statutes, and the possible excuses to secure relief from the operation of a negligence per se situation in *Village of Whitehall* v. *Cole* (1957), 104 Ohio App., 387, and in the decision, at page 390, quotes from a decision by Judge Fess. In part, the quotation is as follows:

" 'In a situation where a party charged with the violation of a mandatory provision of the traffic code offers substantial proof tending to excuse his failure to comply with the statute, a question for the jury is presented for determination under proper instructions of the court.' "

In this case the court was the trier of the facts. It appears that "substantial proof" was offered in an attempt to excuse the defendant. Perhaps the evidence before the trial court is not as conclusive as in the *Masterana case, supra,* but it did find that the defendant knew of the wet condition of the road, was aware of the misting rain and that she knew of the tendency of the bridge to ice over prior to the formation of ice on the highway, and that the skidding was, therefore, a foreseeable circumstance.

Scrutiny of the record precludes the conclusion that the result reached by the trial court was *manifestly* against the weight of the evidence.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., and DUFFEY, J., concur.