Murray S. Parker is the owner of 3.865 acres of land lying north of, and abutting, State Route 619 in Summit County, Ohio. This land, which has a road frontage of 247.23 feet on Route 619, connects with a 24.47-acre parcel of land of Parker on the north. Parker considers the 28.335 acres one tract of land, although the two tracts were purchased at different times.
The land along Route 619, in the area of the land here under discussion, is zoned for commercial purposes to a depth of 500 feet; in the rear of that depth the zoning is for single residential purposes only. Parker has a residential allotment in the vicinity *Page 427 
to the north, and a good residential allotment is within 1,000 feet to the south of the property herein discussed. There is some commercial and residential building along State Route 619 in the immediate vicinity.
A 0.21-acre parcel of the Parker land frontage along Route 619 was needed by the Department of Highways of the state of Ohio for road improvement purposes. Parker was notified of the contemplated improvement and the need for some of his land. On receipt of this notice, Parker, on September 26, 1958, signed and delivered to the Department of Highways a right of immediate entry over the easement area which that department desired.
The Parker land along the 247.23-foot frontage before the improvement varied from a depth of 2 feet, below the surface of the road at the east line of the premises, to a depth of 3.6 feet at the west line of the land. Near the west line of the land, a small stream flowed north across the corner of the Parker 3.865-acre lot. A concrete box culvert encased this stream as it went under Route 619.
When the improvement was completed, the surface of the Parker land was, in all places, five or more feet below the surface of the adjoining highway; and at the culvert a significant change was made by replacing the box culvert with two 48-inch corrugated iron pipes, which were raised nearly three feet above the bottom of the former culvert.
Parker did not accept the $320 compensation offered him by the Department of Highways, and requested that a jury be impaneled and sworn to assess the amount due him for the value of the land taken and the damages to the residue. After submitting the matter to the jury, it assessed $500 as compensation for the land taken and $1,600 as damages to the remainder, for a total of $2,100. From the judgment on such verdict, Parker appealed to this court on questions of law, saying that:
1. The judgment is against the manifest weight of the evidence.
2. The trial court erred in fixing the date of taking the property.
3. Error was committed in the failure to give requested instructions before argument.
4. Error was committed in overruling a motion to have *Page 428 
taxed, as costs, the attorney fees and expert witness fees of the property owner.
5. The trial judge erred in his conduct of the trial.
The bill of exceptions discloses that, in addition to Parker, who qualified as an expert as well as the owner of the property, two well-qualified real estate appraisers gave testimony as to the highest and best use of all the property that makes up the land owned by Parker that is affected by this improvement. The appraiser who testified for the Department of Highways restricted his testimony to only the 3.865-acre parcel, and never considered the entire tract or the highest and best use to which such entire tract could be put.
We thus have in this case only the testimony of the witnesses for the landowner that considered the problem of damages to the residue. The verdict of the jury was in no way responsive to this testimony. The testimony of the appraiser for the Department of Highways fixed a value for land taken and damages to the residue in the total amount of $970; of this amount, $42 was for land taken. The testimony of the appraisers for the landowner was that the value of the land taken and damages to the residue exceeded $14,000. Much of the damage to the residue, these appraisers said, resulted from the necessity to bring the level of the ground up to the level of the road, and to extend the two 48-inch culvert pipes across the end of the property.
Even though the appraisers for the landowner may not have, in considering the fill dirt necessary to bring the land up to grade, remembered that the land prior to the improvement was from two to nearly four feet below grade, yet, there is no relationship between the evidence submitted to this jury and the verdict it returned. How the jury came to fix $1,600 as damages to the residue, in the light of the only testimony bearing on that point, is difficult to understand. The only way in which this jury could determine damage to the residue is in consideration of the evidence submitted. The verdict clearly indicates a high degree of speculation.
We find the assignment of error, that the verdict and the judgment entered herein are against the manifest weight of the evidence, to be well taken.
We find no prejudicial error in the determination by the *Page 429 
trial court that the date of taking was April 17, 1959. The contractor who worked on the road testified as to that date. It was only then that any work, or entry onto the Parker land, was made by the state of Ohio. In the case of Pontiac Improvement Co.
v. Board of Commissioners, 104 Ohio St. 447, the court said:
"3. The phrase, `where private property shall be taken for public use,' contained in Section 19, Article I of the Constitution of Ohio, implies possession, occupation and enjoyment of the property by the public, or by public agencies, to be used for public purposes."
Counsel for Parker submitted to the trial court before argument eight written instructions, with a request that they be given to the jury separately, and not as a series. After some hesitation on the part of the trial court, and discussion both before the jury and in the chambers of the court, three of the special requests for instruction were given to the jury before the oral argument began.
We recognize the rule with respect to the giving of special requested instructions before argument; however, in the application of that rule, the instructions must be accurate propositions of law that apply to the facts of the case then being tried. Kohn, Admx., v. B. F. Goodrich Co., 139 Ohio St. 141.
The instructions which were refused sought to state certain rules with respect to liability for change of grade to improved property, not to unimproved land.
It seems that, in Ohio, a municipality is liable in tort to a landowner who has erected a building after a permanent grade has been established, and who suffers injury by a subsequent change of grade; also, that a municipality is liable to a landowner who has built a structure on the land before a grade has been established, and who suffers injury because thereafter an unreasonable grade has been established.
The apparent Ohio rule in other cases is that the landowner is without a remedy. Crawford v. Village of Delaware, 7 Ohio St. 459; Jackson v. Jackson, 16 Ohio St. 163; City of Cincinnati v.Penny, 21 Ohio St. 499; City of Akron v. Chamberlain Co.,34 Ohio St. 328; Smith v. Commissioners, 50 Ohio St. 628; City ofAkron v. Huber, 78 Ohio St. 372; State, ex rel. McKay, Exr., v.Kauer, Dir. of Highways, 156 Ohio St. 347. *Page 430 
In the case of Akins v. Board of County Commissioners ofSummit County, 31 Ohio App. 129, this court said:
"In Ohio, an owner of private property cannot recover damages from one of the political subdivisions of the state for changing, in conformity to law, the established grade of a street in front of his property, unless the property had been improved with reference to said established grade and the grade has been changed to the damage of said property."
The trial court did not commit prejudicial error in refusing to give the instructions requested by Parker.
Parker claims that the trial court erred in refusing to grant his motion to award as costs the fees for his two attorneys (in the trial court) and expert witnesses.
The general rule in Ohio is that, absent a statute, attorney fees cannot be taxed as costs. State, ex rel. Michaels, v.Morse et al., Industrial Commission, 165 Ohio St. 599, 607. See also: 26 A. L. R. (2d), 1295.
We believe that there can be no extra compensation for a witness beyond that fixed by law, whether it be an expert witness called to give specialized testimony, or a witness called to testify to the facts arising out of the matter at issue. See: 18 A. L. R. (2d), 1225; 3 Nichols on Eminent Domain (3 Ed.), Section 8.64.
The trial court committed no prejudicial error in refusing to award, as costs, the fees for the attorneys of Parker, and the expert witnesses called by him to give opinion evidence regarding the value of his land.
We have examined all other claimed errors, and find none prejudicial to the substantial rights of the appellant.
We therefore unanimously determine that the verdict and judgment rendered thereon are against the manifest weight of the evidence. The judgment herein is reversed, and the cause remanded to the trial court for further proceedings.
Judgment reversed and cause remanded.
STEVENS, P. J., and DOYLE, J., concur. *Page 431